DECISION.
{¶ 1} Susan Davis appeals her convictions for operating a vehicle while under the influence of alcohol ("OVI"). Davis has advanced no assignments of error in the appeal numbered C-060867. We therefore dismiss it. Because neither of her assignments of error in the appeal numbered C-060868 has merit, we affirm the judgment of the trial court in that case.
 {¶ 2} On July 16, 2005, Ohio State Patrol Sergeant Mark Helsinger stopped Davis after she had made a left turn and had nearly hit the curb on the left side of the road. Helsinger observed Davis's speed at 40 m.p.h., which was 15 m.p.h. over the posted speed limit. When Helsinger approached the car, he smelled alcohol and noticed that Davis's eyes were bloodshot and that her speech was slurred. After administering field-sobriety tests, Helsinger arrested Davis for OVI.
 {¶ 3} Helsinger drove Davis to the Springdale Police Department. There, he administered a breath-alcohol test using the department's BAC Datamaster. The test indicated that Davis had a blood-alcohol content of .243 grams per 210 liters of her breath. Davis was charged with two counts of OVI.
 {para; 4} Davis filed a motion seeking to suppress the results of the field-sobriety tests and the breath-alcohol test. At the conclusion of the suppression hearing, the trial court suppressed one of the field-sobriety tests, allowed the other field-sobriety tests to be admitted without any implication of impairment, and denied the motion with respect to the blood-alcohol test. Davis pleaded no contest to both counts of OVI and was found guilty. *Page 2 
 {¶ 5} In her first assignment of error, Davis now asserts that the trial court erred when it denied her motion to suppress the breath-alcohol test results, because the state did not present evidence that an instrument check had been performed when the BAC Datamaster machine was put into service or returned to service.[1] During the suppression hearing, Springdale Police Officer Andrew Davis testified that instrument checks had been performed on the BAC Datamaster to ensure that it was in working order. The state entered into evidence a copy of a page from the logbook for the instrument test done on July 10, 2005. But Officer Davis did not state that an instrument check had been performed on July 26, 1999, when the machine was put into service after having been out of service for over a month. Davis argues that, absent evidence of an instrument check in July 1999, the state did not prove compliance with Ohio Adm. Code 3701-53-04(B).
 {¶ 6} Recently, this court adopted the reasoning of the Twelfth Appellate District with respect to the degree of specificity needed to prove compliance with administrative regulations for breath-alcohol testing.[2] We held that when a defendant raises allegations of noncompliance that are general and not supported by facts determined through the discovery process or cross-examination, the state need only respond with equally general evidence of its compliance.[3] We note that our recent decision in State v. Monaghan[4] should not be read to be contrary to our holding in Kahn.
 {¶ 7} In the case before us, Davis raised the state's noncompliance with Ohio Adm. Code 3701-53-04(B) as one of the litany of issues in her motion. Given the *Page 3 
general nature of Davis's motion, the state needed only to present general evidence of its compliance. It did so by means of Officer Davis's testimony and the exhibits entered into evidence. We conclude that the trial court did not err when it did not suppress the results of the breath-alcohol test due to a lack of compliance with Ohio Adm. Code3701-53-04(B). The first assignment of error is without merit.
 {¶ 8} Davis's second assignment of error is that the trial court should have suppressed the results of her breath-alcohol test because the state did not present evidence that it had complied with Ohio Adm. Code 3701-53-04(A)(1). Officer Davis testified that a radio-frequency-interference ("RFI") test was performed using the type of radio that Springdale normally used. Officer Davis also stated that Ohio State Patrol officers' radios were on the same 800-megahertz system that Springdale police officers used, and that he believed that the Ohio State Patrol used the same frequency. Davis's contention is that when Helsinger administered the breath-alcohol test, he had with him a radio that was normally used not by the Springdale Police Department, but by the Ohio State Highway Patrol. She argues that because the state did not present evidence that an RFI test was performed on the exact frequency used by the Ohio State Patrol, the state did not demonstrate compliance with the administrative regulation. We disagree.
 {¶ 9} Under Ohio Adm. Code 3701-53-04(A)(1), the police department was required to perform regular instrument checks "to detect RFI using a hand-held radio normally used by the law enforcement agency." The check "is valid when the evidential breath testing instrument detects RFI or aborts a subject test."[5] Officer Davis testified that the check done with a radio normally used by the Springdale *Page 4 
Police Department was valid. The regulation did not require that the police department conduct an RFI check with every radio that could have potentially been used in the police department. We conclude that the state demonstrated that it had complied with the regulations. The second assignment of error is overruled.
{paraa: 10} The judgment of the trial court is affirmed in the appeal numbered C-060868, and the appeal numbered C-060867 is dismissed.
Judgment accordingly.
HENDON and CUNNINGHAM, JJ., concur.
[1] Ohio Adm. Code 3701-53-04(B).
[2] Norwood v. Kahn, 1st Dist. No. C-060497, 2007-Ohio-2799.
[3] Id. at ¶ 8.
[4] 1st Dist. No. c-040655, 2005-Ohio-4051.
[5] Ohio Adm. Code 3701-53-04(A)(1). *Page 1